UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JERMAINE WATTS,**

Plaintiff,

v. **No. 4:25-cv-00491-P**

**B. ORTEGA, ET AL.,**

Defendants.

## OPINION AND ORDER

Before the Court are the motion of Defendant B. Leon to dismiss, ECF No. 42, and the motion of Defendant B. Ortega for judgment on the pleadings. ECF No. 41. Having considered the motions, the responses of Plaintiff, Jermaine Watts, the replies, the record, and applicable authorities, the Court concludes that the motions must be **GRANTED**.

## BACKGROUND

On May 25, 2025, the Clerk received for filing from Plaintiff a complaint in which he asserted claims against Ortega, an unidentified female police officer, Chief Neil Nokes, Deputy Chief Chris Daniels, and the City of Fort Worth. ECF No. 1. Plaintiff alleged that on March 31, 2024, Ortega and the unidentified female police officer tortured him by tasing him three times while he was nonresistant and on the ground. *Id.* The Court explained the general rules for pleading and required that Plaintiff file an amended complaint. ECF No. 6. Plaintiff filed his amended complaint, ECF No. 7, and the Court dismissed his claims. ECF Nos. 8 & 9. The United States Court of Appeals for the Fifth Circuit affirmed the dismissal of all claims except the claim for excessive force against Ortega and the unidentified officer and remanded for further proceedings. ECF No. 21.

On remand, the Court ordered that service be had on Ortega and that service on the second officer would be ordered when the second officer was identified. ECF No. 23. Ortega filed his answer, ECF No. 30, and a

motion to compel Rule 7(a) reply. ECF No. 31. The Court ordered that Plaintiff file a reply, ECF No. 33, which he did. ECF No. 35. He also filed a motion for leave to amend to name the unidentified officer, ECF No. 34, which the Court granted. ECF No. 36. In his supplemental pleading, signed June 8, 2026, Plaintiff identified Leon as the female officer. ECF No. 37.

**GROUNDS OF THE MOTIONS**

Leon urges that Plaintiff's claim against her is time-barred. ECF No. 42.

Ortega urges that he is entitled to judgment on the pleadings as he was not present and did not participate in the alleged use of excessive force on March 31, 2024. ECF No. 41.

**APPLICABLE LEGAL STANDARDS**

To survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the Court to infer that the plaintiff's right to relief is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]ismissal under a statute of limitations is proper only when the complaint makes plain that the claim is time barred and raises no basis for tolling." *Vela v. Compton*, No. 24-40302, 2024 WL 4891786, at *2 (5th Cir. Nov. 26, 2024) (citing *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)).

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. A motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). Such a motion is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 318 (5th Cir. 2009); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

In determining whether a plaintiff's claims survive a motion to dismiss, the Court considers the facts set forth in the complaint,

documents attached to the complaint, and matters of which judicial notice may be taken. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court can also consider documents attached to a motion to dismiss if they are referenced in the complaint and are central to the plaintiff's claims. *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019); *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

## ANALYSIS

The applicable limitations period for a § 1983 action is borrowed from the forum state's personal injury law, which in Texas is two years. 42 U.S.C. § 1988; TEX. CIV. PRAC. & REM. CODE § 16.003; *Flores v. Cameron Cnty.*, 92 F.3d 258, 271 (5th Cir. 1996). Accrual of limitations is governed by federal law. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Limitations "begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id.* In this case, Plaintiff has pleaded that he was injured on March 31, 2024. ECF Nos. 1 & 7. Thus, limitations expired March 31, 2026.

The Fifth Circuit has clearly held that "an amendment to substitute a named party for a John Doe does not relate back under Rule 15(c)." *Winzer v. Kaufman Cnty.*, 916 F.3d 464, 471 (2019) (quoting *Whitt v. Stephens Cnty.*, 529 F.3d 278, 283 (5th Cir. 2008)). Plaintiff did not identify Leon and seek leave to amend until after limitations expired. ECF No. 34. Accordingly, his amended pleading does not relate back to the original complaint so as to make the naming of Leon timely. *Dacus v. Doe*, No. 3:08-cv-2209-D, 2009 WL 1159265, at *2 (N.D. Tex. Apr. 29, 2009) (citing *Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998)).

In his response to Leon's motion, Plaintiff argues that he is entitled to tolling of limitations due to his not being of sound mind from September 28, 2024, until May 15, 2025, during which time he was incarcerated in the Tarrant County Jail and unable to take prescribed medication for severe schizophrenia. ECF No. 48 at 4. The statute to which he refers, now TEX. CIV. PRAC. & REM. CODE 16.001, provides that if the person entitled to bring a personal action is under a legal disability

when the cause of action accrues, the time of the disability is not included in the limitations period. A disability that arises subsequent to the accrual of the cause of action does not toll the running of the limitations period. TEX. CIV. PRAC. & REM. CODE § 16.001(d); *see Nelson v. Reddy*, 898 F. Supp. 409, 410 (N.D. Tex. 1995); *Parker v. Yen*, 823 S.W.2d 359, 362 (Tex. App.—Dallas 1991, no writ). Plaintiff's cause of action accrued prior to September 28, 2024, which means he is not entitled to tolling of limitations.

Plaintiff also cites the Prison Litigation Reform Act, but exhaustion of the prison grievance procedure is not pertinent here, where Plaintiff is not complaining about an event that occurred while he was incarcerated. And he urges further that Leon's identity was fraudulently concealed. ECF No. 48 at 8–10. As this Court has previously recognized, fraudulent concealment relates to a defendant's fraudulent acts to conceal a cause of action—not the identity of a potential defendant.[1] *Cox v. City of Fort Worth*, 762 F. Supp. 2d 926, 936–37 (N.D. Tex. 2010); *Carney v. United States*, No. 3:99-cv-1989-M, 2003 WL 21653853, at *1 (N.D. Tex. Mar. 31, 2003). Thus, the claims against Leon must be dismissed.

Ortega maintains that he had no involvement in the situation described by Plaintiff as having occurred March 31, 2024. ECF No. 30, ¶ 15; ECF No. 31. In response to the Court's order to file a reply, ECF No. 33, Plaintiff says that the Defendants' involvement "can be verified by the police reports." ECF No. 35 at 4. He urges that the Court rely on its own judicial experience "knowing that an officers [sic] involvement can only be settled through discovery and inspection of legal docements [sic] and video recordings of said incident." *Id.* He alleges that the summary report where he found Ortega's name is already in the Court's record.[2] *Id.* at 7. Further, he says that when "Leon is summoned she can

[1] The record would not support a claim of fraud in any event since it reflects that Plaintiff has had a copy of the incident report since at least July 22, 2025. ECF No. 16, Ex. A.

[2] As best the Court can tell, Plaintiff has only provided one purported police record, an incident report attached as Exhibit A to a courtesy copy of his appellate brief. ECF No. 16, Ex. A. He provided the same report to support his motion for leave to amend. ECF No. 34 at 2. That report does not contain any

plainly identify the second officer on scene." *Id. See id.* at 9 (Leon "will have to testify as to the name of the other officer involved"). In other words, Plaintiff does not know whether Ortega was involved but relies on police records to establish that fact.

In support of his motion for judgment, Ortega has filed an appendix including the police reports pertinent to Plaintiff's arrest. ECF No. 44. Because Plaintiff clearly relies on police records to establish his claims, the Court considers the reports to be part of Plaintiff's complaint. And the appendix reflects that Leon and another officer, not Ortega, took part in the arrest of Plaintiff on March 31, 2024. Accordingly, Ortega's motion for judgment must be granted.

Plaintiff has filed a motion for leave to file a further amended complaint to name Officer Sean Nguyen as a defendant in the place of Ortega. ECF No. 45. No purpose would be served by allowing the amendment inasmuch as the claim would now be time-barred.

## CONCLUSION

For the reasons discussed, the motions of Leon and Ortega are **GRANTED** and Plaintiff's claims against Defendants are **DISMISSED**. Plaintiff's motion for leave to amend is **DENIED**. All other pending motions in this case are hereby **DENIED as moot**.

**SO ORDERED** on this **14th day** of **September 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

reference to Ortega, but obviously Plaintiff had access to police records since that is where he alleges he found Ortega's name.